# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL VALTIERRA, | CASE NO. 1:10-cv-849-AWI-MJS |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO EXPUNGE THE NOTICE OF PENDING ACTION (LIS PENDENS) |
| v. | |
| WELLS FARGO BANK, N.A., et al., | (ECF No. 23) |
| Defendants. | December 20, 2010 hearing is VACATED |

Before the Court is the Motion to Expunge the Notice of Pending Action (Lis Pendens) filed by Defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A. (ECF No. 23.)  Defendant filed the instant Motion on November 9, 2010 and set it for a hearing on December 20, 2010.  Plaintiff has not filed an opposition to the Motion; his date for doing so has long passed.  L.R. 230(c) (opposition due fourteen days before hearing on civil motion).  Because argument on this Motion is unnecessary, the Court **VACATES** the December 20, 2010 hearing and will address the merits of the Motion to Expunge.

I.  **MOTION TO EXPUNGE**

Plaintiff initiated the instant action on May 14, 2010 and recorded a Notice of Pending Action (*lis pendens*) (hereinafter "Notice") on May 26, 2010.  Defendant moves

to expunge the Notice pursuant to California Code of Civil Procedures section 405.31 and 405.32. Defendant argues that Plaintiff has not established that this action involves a "real property claim" as defined by Section 405.4 and, in the alternative, that Plaintiff has not established the "probable validity" of his real property claim.

Plaintiff bears the burden of coming forward with evidence showing that the pending action involves a real property claim and that such claim is valid. Cal. Civ. Code § 405.30 ("The claimant shall have the burden of proof under Sections 405.31 and 405.32."). In this case, Plaintiff has not opposed the instant Motion and has not come forward with any evidence in support of the validity of his claim. Accordingly, he has failed to meet his burden and expungement is appropriate.

## II.     ATTORNEY'S FEES AND COSTS

Defendant also asks for its attorney's fees associated with bringing this Motion. Section 405.38 provides that the prevailing party shall be awarded reasonable attorneys' fees "unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust."

Plaintiff initiated this action after his house was foreclosed on in May 2010. A reasonable homeowner who lost his home to foreclosure after what he contends was a predatory loan could reasonably believe that he had an interest in the property such that the Notice was justified. Additionally, the fact the Plaintiff lost his home to foreclosure leaves it obvious to the Court that Plaintiff is not financially sound. Considering all of these circumstances, the Court finds that it would be unjust to impose an attorney's fees award on Plaintiff.

Accordingly, Defendants' request for attorneys' fees associated with filing the instant


Motion is DENIED.

### III. CONCLUSION AND ORDER

For the reasons stated above, the Court hereby ORDERS:

1. The Notice of Pending Action (*lis pendens*) recorded in the official records of the Stanislaus County Recorder on May 26, 2010 as document number 2010-0046233, relating to real property commonly described as 1921 Katherine Court, Turlock, California, is EXPUNGED;

2. No subsequent notice of pending action (*lis pendens*) may be filed without prior leave of Court;

3. Defendants' Request for Attorney's fees and costs is DENIED.

IT IS SO ORDERED.

Dated:   December 17, 2010          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE