UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL VALTIERRA,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A., successor in interest to WACHOVIA and DOES 1 through 50, inclusive,<br><br>    Defendants. | CIV-F-10-0849 AWI GSA<br><br>ORDER RE: MOTION TO DISMISS AND MOTION TO STRIKE<br><br><br><br>(Docs. 34 and 36) |

Defendant has filed motions to dismiss Plaintiff's second amended complaint for failure to state a claim and to strike portions of the complaint. Plaintiff opposes the motion to strike only. Based on the analysis contained herein, the motion to dismiss is granted; Plaintiff's complaint is dismissed with prejudice. As the complaint is being dismissed, no consideration of the motion to strike is necessary.

**I. History**[1]

On June 21, 2006, Plaintiff Rafael Valtierra and his wife, Ofelia Valtierra, obtained a $488,000 mortgage from World Savings Bank, FSB ("World Savings") which through a number

---

[1] The factual history is provided for background; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

1

of corporate changes has become Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). The loan was secured by a Deed of Trust against 1921 Katherine Court, Turlock, CA, which was recorded on July 5, 2006. The Deed of Trust named Plaintiff and Ofelia Valtierra as trustors, World Savings as beneficiary, and third party Golden West Savings Association Services Company as trustee. Plaintiff fell behind on payments, and a Notice of Default was recorded on August 3, 2009 by third party Cal-Western Reconveyance Corporation ("Cal-Western"). A Notice of Trustee Sale was recorded on November 5, 2009 setting a public auction for November 24, 2009; this document named Cal-Western as the trustee. The sale took place on March 8, 2010. Wells Fargo was the high bidder at $327,930.00; the outstanding amount Plaintiff owed on the mortgage had ballooned to $559,109.93. A Trustee's Deed upon Sale was recorded on March 16, 2010, in which Cal-Western conveyed the property to Wells Fargo. At an unspecified date prior to the date of sale, Wells Fargo sent Plaintiff a letter offering to let him conduct a short sale by April 30, 2010 in lieu of foreclosure.

In the present case, Plaintiff Rafael Valtierra (represented by counsel) filed suit against Defendant Wells Fargo on April 13, 2010 in Stanislaus County Superior Court. Defendant removed the case to federal district court based on diversity jurisdiction on May 14, 2010. The present complaint is the Second Amended Complaint ("SAC") which lists five causes of action: 1) promissory estoppel, 2) violation of Cal. Bus. & Prof. Code §17200, 3) fraudulent misrepresentation, 4) fraud in the inducement, and 5) wrongful foreclosure. Doc. 33. Defendant has filed a motion to dismiss for failure to state a claim and a motion to strike. Docs. 34 and 36. Plaintiff has only filed an opposition to the motion to strike. Doc. 37. The matter was taken under submission without oral argument.

In a separate but related matter, Wells Fargo filed a suit against Rafael and Ofelia Valtierra on April 2, 2010 in Stanislaus County Superior Court for unlawful detainer of the property. The Stanislaus County Superior Court granted summary judgment in favor of Wells Fargo on June 24, 2010. Rafael and Ofelia Valtierra received an order to stay eviction proceedings on July 14, 2010. The Stanislaus County Sheriff evicted Rafael and Ofelia Valtierra on August 17, 2010. Rafael Valtierra filed a notice of removal on August 11, 2010. However,

no notice of removal was filed in federal district court.  Instead, Rafael and Ofelia Valtierra (proceeding pro se) filed a new complaint in federal district court (Civ. Case. No. 10-1455) against Wells Fargo and Cal-Western, claiming violations of the Fair Debt Collection Practices Act and Fair Credit Reporting Act, alleging they reported erroneous information to credit reporting agencies.

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)....a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), citations omitted.  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citations omitted.  The court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  The court must also assume that "general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Nat'l

Wildlife Fed'n, 497 U.S. 871, 889 (1990), citing Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds at 127 S. Ct. 1955, 1969.  Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  At the other bound, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated...laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint.  "There are, however, two exceptions....First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss...If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. Second, under Fed. R. Evid. 201, a court may take judicial notice of matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), citations omitted.  The Ninth Circuit later gave a separate definition of "the 'incorporation by reference' doctrine, which permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading. We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005), citations omitted.  "[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. Facts raised for the first time in opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003), citations omitted.

If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend.  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).  In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

### III. Discussion

In the prior complaints, Plaintiff raised claims based on alleged misconduct related to the initial procurement of the mortgage and the letter which suggested Plaintiff had until April 30, 2010 to conduct a short sale.  In the SAC, Plaintiff has abandoned all claims related to the initial procurement; the claims now focus exclusively on Defendant's letter which offered to let Plaintiff arrange a short sale in lieu of foreclosure.  Plaintiff raised several claims in the FAC based on the contents of the letter, but Plaintiff's allegations were determined to be insufficient to state any cause of action. See Doc. 30.  In key part, Plaintiff was specifically warned that "the FAC does not state how Plaintiff relied upon and was harmed by the alleged misrepresentation." Doc. 30, Order, at 10:3-4.  The only new details provided by the SAC are: "Plaintiff justifiably relied on Defendant's representation and began due diligence with regard to effectuating a short sale....Plaintiff could have explored other options had the [Defendant] not acted in such a deceptive manner." Doc. 33, SAC, at 12:18-19 and 17:7-8.  These allegations do not provide any meaningful information; in effect, they simply restate the element of the claim.  Plaintiff does not state how he expended any funds or efforts in reliance on the letter nor does he explain how he would have acted differently.  Plaintiff has not explained how he actually relied on Defendant's alleged promise.

Showing actual reliance is an element of both fraud and promissory estoppel. Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979, 990 (Cal. 2004) ("elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of

5

falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage"); Smith v. City and County of San Francisco, 225 Cal. App. 3d 38, 48 (Cal. App. 1st Dist. 1990) ("No facts are alleged which show that appellants changed their position in any way because of what they had been promised by the City. Having failed to allege any facts demonstrating reliance, appellants do not state a cause of action for promissory estoppel").  The unfair business practices and wrongful foreclosure/set aside trustee sale causes of action are wholly derivative of promissory estoppel and fraud.  As the two foundational causes of action fail, so must the dependent ones.

In the prior order, Plaintiff was specifically "warned that as the new complaint will be a second amended complaint, continued failure to sufficiently allege claims may be grounds for dismissal with prejudice." Doc. 30, at 14:13-15.  Plaintiff is unable to state sufficient allegations even after this court specifically identified the defects that needed remedying.  Dismissal with prejudice is warranted.

### IV. Order

Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE.  As the whole complaint is being dismissed, the motion to strike is mooted.

IT IS SO ORDERED.

Dated:   May 23, 2011

CHIEF UNITED STATES DISTRICT JUDGE