**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RAFAEL VALTIERRA and OFELIA VALTIERRA,** | **CIV-F-10-0849 AWI MJS** |
| **Plaintiffs,** | **ORDER RE: MOTION FOR ATTORNEY'S FEES** |
| **v.** | |
| **WELLS FARGO BANK, N.A., FKA WACHOVIA MORTGAGE, CAL-WESTERN RECONVEYANCE CORPORATION, WACHOVIA MORTGAGE FS, and 10 JOHN DOES,** | |
| **Defendants.** | |

## I. History

In 2006, Plaintiffs Rafael and Ofelia Valtierra obtained a mortgage from Defendant Wells Fargo.  Plaintiffs fell behind on payments, and Plaintiffs' home was sold at public auction on March 8, 2010.  In the present case, Plaintiffs filed suit against Wells Fargo on April 13, 2010 in Stanislaus County Superior Court.  Plaintiffs's claims against Wells Fargo were fraud, wrongful foreclosure, breach of the implied covenant of good faith and fair dealing, and unfair business practices.  Wells Fargo is represented by the law firm of Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP ("Anglin").  Wells Fargo removed the case to federal district court

based on diversity jurisdiction on May 14, 2010.  Wells Fargo filed successful motions to dismiss.  Plaintiffs' second amended complaint was dismissed for failure to state a claim with prejudice.  Wells Fargo has moved for attorney's fees based upon contractual provisions in the mortgage.  Plaintiffs have filed no opposition.

## II. Legal Standards

An award of reasonable attorney's fees is determined through the hybrid lodestar multiplier approach:

> The lodestar/multiplier approach has two parts.  First, a court determines the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.  See D'Emanuelle [v. Montgomery Ward & Co., Inc., 904 F.2d 1379, 1383 (9th Cir. 1990)]; Hensley [v. Eckerhart, 461 U.S. 424,] 461 (1983).  The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed.  See Hensley, 461 U.S. at 433.  A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." Id. at 434.  Second, a court may adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation of the lodestar.  See Blum v. Stenson, 465 U.S. 886, 898-901 (1984) (reversing upward multiplier based on factors subsumed in the lodestar determination); Hensley, 461 U.S. at 434 n.9 (noting that courts may look at "results obtained" and other factors but should consider that many of these factors are subsumed in the lodestar calculation).  The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts" that the lodestar amount is unreasonably low or unreasonably high.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986) (quoting Blum, 465 U.S. at 898-901); Blum, 465 U.S. at 897; D'Emanuele, 904 F.2d at 1384, 1386; Cunningham v. County of Los Angeles, 879 F.2d 481, 487 (9th Cir. 1989).

Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000).  "In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." Carnes v. Zamani, 488 F.3d 1057, 1059 (9th Cir. 2007), citations omitted.  "[T]he burden is on the fee applicant to produce satisfactory evidence -- in addition to the attorney's own affidavits -- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984).  The Ninth Circuit has elaborated that:

> Once the number of hours is set, "the district court must determine a reasonable hourly

rate considering the experience, skill, and reputation of the attorney requesting fees."
[Chalmers v. City of Los Angeles, 796 F.2d 796 F.2d1205, 1210.]   This determination
"is not made by reference to rates actually charged by the prevailing party."  Id.  The court
should use the prevailing market rate in the community for similar services of lawyers "of
reasonably comparable skill, experience, and reputation."  Id. at 1210-11.  Either current
or historical rates prevailing rates may be used.  Missouri v. Jenkins, 491 U.S. 271
(1984).  The use of current rates may be necessary to adjust for inflation if the fee amount
would otherwise be unreasonable; the district court must look to the "totality of the
circumstances and the relevant factors, including delay in payment." [Jordan v.
Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987).]

D'Emanuelle v. Montgomery Ward & Co., Inc., 904 F.2d 1379, 1384 (9th Cir. 1990).  The

"relevant legal community" in the lodestar calculation is generally the forum in which the district

court sits.  Mendenhall v. NTSB, 213 F.3d 464, 471 (9th Cir. 2000).


### III. Discussion

The mortgage includes language that allows Wells Fargo to collect "reasonable attorneys'

fees" for its efforts to enforce its rights under the mortgage. Doc. 46, Ex. B, Promissory Note, at

4 (10 of 33); Doc. 46, Ex. C, Deed of Trust, at 7 (21 of 33).  Wells Fargo cites to Cal. Code Civ.

Proc. §1033.5(a)(10), Cal. Code Civ. Proc. §1021, and Cal. Civ. Code §1717 to provide the

statutory support its motion.

 Cal. Civ. Code §1717(a) states, "In any action on a contract, where the contract

specifically provides that attorney's fees and costs, which are incurred to enforce that contract,

shall be awarded either to one of the parties or to the prevailing party, then the party who is

determined to be the party prevailing on the contract, whether he or she is the party specified in

the contract or not, shall be entitled to reasonable attorney's fees in addition to other

costs....Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs

of suit."  Plaintiffs filed suit to reverse the foreclosure.  Wells Fargo's legal position with regard

its rights under the mortgage have been fully vindicated in this case.  "An involuntary dismissal

operates as an adjudication on the merits unless it is for lack of jurisdiction, improper venue, or

failure to join a party under Rule 19." Murphy v. Wells Fargo Bank, N.A., 2012 U.S. Dist.

LEXIS 29420, *4 (N.D. Cal. Mar. 6, 2012), citations omitted.  Wells Fargo is the prevailing

party.

When calculating reasonable attorney's fees, the following factors are considered: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases." Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1341-42 (9th Cir. 1986), citations omitted.

The rates charged by Anglin in this case are as follows: Michael Rapkine, $250/hour in 2010 and $275/hour in 2011, 8-9 year litigation experience; Mark T. Flewelling, $320/hour in 2010 and $350/hour in 2011, 30 years litigation experience; Robert A. Bailey, $300/hour in 2010, 13 years litigation experience; Fred J. Hickman, $300/hour in 2010, 24 years litigation experience; Helene P. Saller, $145/hour in 2010 and $160/hour in 2011, paralegal; Sandra Dries, $125/hour in 2010, paralegal; and William R. Slone, $160/hour in 2011, paralegal. Doc. 45, Part 1, Rapkine Declaration, at 2:7-28. Defendant points out that the rates of Anglin were determined to be reasonable by Judge Frank Damrell for legal representation in Sacramento. See Phillips v. IMS Loans, Inc., 2010 U.S. Dist. LEXIS 107865 (E.D. Cal. Oct. 8, 2010). However, the relevant legal market is the Eastern District of California, Fresno Division. In another case in which Anglin represented Wells Fargo before this court, the hourly rates were generally accepted as reasonable except for certain increases from 2010 to 2011. See Winding v. NDEX West, LLC, 2011 U.S. Dist. LEXIS 126241, *15 (E.D. Cal. Nov. 1, 2011). Thus, the hourly rates charged will be slightly trimmed.

Further, the hours expended on this case have been excessive. The court notes that the total number of hours Anglin seeks attorney's fees for is 85.9. This was a basic foreclosure case. The actions taken by Anglin were straightforward (removal, motions to dismiss, Rule 26, etc.). Anglin (specifically the attorneys who have worked on this case) has represented Wells Fargo on a number of foreclosure cases. These attorneys should be familiar with the law: "Much of what

1   has been drafted in one case of this nature is certainly applicable and transferrable to another.

2   This circumstance should therefore translate to significant time savings for attorneys and

3   paralegals at this level of practice." Joseph v. Wachovia Mortg. Corp., 2012 U.S. Dist. LEXIS

4   28866, *9 (N.D. Cal. Mar. 5, 2012) (awarding $8,454.48).  A review of the billing records

5   provided show that Anglin spent a lot of time doing routine tasks; the number of hours should be

6   cut.  For example, Defendant originally noticed a hearing for a motion to dismiss before

7   Magistrate Judge Gary Austin.  Doc. 4.  The court issued a minute order resetting the motion to

8   be heard by the undersigned (as is the practice with all dispositive motions). Doc. 7.  Anglin then

9   billed .6 hours ($150 total) for telephone communication with the court and drafting a notice of

10  continuance of hearing date. Doc. 45, Part 1, June 30, 2010 Bill, (14 of 40).  The whole of the

11  text of this notice is as follows: "TO PLAINTIFF AND HIS COUNSEL OF RECORD:

12  PLEASE TAKE NOTICE that pursuant to a minute order dated May 21, 2010, the hearing on

13  Wachovia Mortgage's motion to dismiss and motion to strike has been continued until July 6,

14  2010 at 1:30 p.m. in courtroom 2 of the above-entitled court, located at 2500 Tulare Street,

15  Fresno, California, the Honorable Anthony W. Ishii presiding." Doc. 9.  The court's minute order

16  resolved the issue; no additional notice by Defendant was necessary.  To bill .6 hours (a total of

17  $150) for this act is unreasonable.

18      One of the criteria the court consults in determining whether requested attorney's fees are

19  reasonable are "awards in similar actions." Local Rule 293(c)(12); see Lafarge Conseils Et

20  Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1342 (9th Cir. 1986).  The court

21  notes that Anglin was awarded $9,371.50 in the Phillips case which it cited.  The issues

22  (foreclosure) and steps taken in that case (removal, motions to dismiss, miscellaneous) are

23  roughly equivalent to those of this case.  Here, Defendant asks for $20,961.00, based on an

24  estimated 85.9 hours of work charged at varying hourly rates.  Given the simplicity of this case

25  and the nature of the tasks undertaken by Anglin, only 40 hours of attorney's fees should be

26  awarded.  Given the reduction in both hours and the rates charged, an award of $10,000.00 is

27  reasonable.

28

**IV. Order**

Defendant Wells Fargo is awarded $10,000 in attorney's fees as the prevailing party against Plaintiffs Rafael and Ofelia Valtierra.

IT IS SO ORDERED.

Dated:    March 21, 2012   

                           CHIEF UNITED STATES DISTRICT JUDGE